# ORIGINAL

U.S. DISTRICT COURT
CLERK

ncf1

03 SEP -3 AM 11: 06

FILED-EDS

Fisher And Fisher
File # 57005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 3 2003

JUDGE LINDBERG

03C 6154

MAGISTRATE JUDGE NOLAN

| | |
|---|---|
| Chase Manhattan Mortgage Corporation | ) |
|     **Plaintiff** | ) |
| VS. | ) |
| Kevin M. Strong, Desiree D. Strong, | ) |
| Cole Taylor Bank, Green Tree Servicing | ) |
| Corporation | ) |
|     **Defendant** | ) |

This is an attempt to collect a debt and any information obtained will be used for that purpose.

## COMPLAINT FOR FORECLOSURE

Now comes Plaintiff, Chase Manhattan Mortgage Corporation, by its attorneys, FISHER AND FISHER, ATTORNEYS AT LAW, P.C., and, pursuant to Illinois Compiled Statutes, Chapter 735, Section 15, 15-1101 et seq., alleges the following:

1. Jurisdiction of this court is based upon diversity of citizenship. Plaintiff is a corporation incorporated under the laws of the STATE OF NEW JERSEY, having its principal place of business in the STATE OF OHIO. Defendant mortgagors are citizens of the STATE OF ILLINOIS. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Plaintiff files this complaint to foreclose the mortgage hereinafter described, and joins the following persons as defendants:

Kevin M. Strong -an Illinois Citizen
Desiree D. Strong -an Illinois Citizen
Cole Taylor Bank, Green Tree Servicing Corporation -incorporated in the state of Illinois with its principal place of business in Illinois.
-Green Tree Servicing Corporation -incorporated in the state of Illinois with its principal place of business in Illinois.

3. Attached as Exhibit "A" is a copy of the note, as Exhibit "B" is a copy of the mortgage and as Exhibit "C" is a copy of the assignment(s) secured thereby.

1-1

4. Information concerning mortgage:

(A) Nature of instrument:  Mortgage

(B) Date of Mortgage:  May 23, 1997

(C) Name of Mortgagor:  Kevin M. Strong, Desiree D. Strong

(D) Name of Mortgagee:  Dolphin Mortgage Corp.

(E) Date and place of recording: June 2, 1997, Cook County Recorder of Deeds Office

(F) Identification of recording:  97386587

(G) Interest subject to the mortgage:  Fee Simple

(H) Amount of original indebtedness including subsequent advances made under the mortgage:  $108,640.00

(I) Legal description and the common address:
Lot 88 in Braese's 1st Addition to Bellwood, being a subdivision of Lots 3, 4 and 5 (except that part thereof conveyed to Chicago and North Western Railroad) in the Subdivision of the Estate of George Glos, being a subdivision of part of the Northwest 1/4 of Section 9, Township 39 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois.
c/k/a 139 Linden Ave., Bellwood, IL 60104
Tax I.D.#15-09-107-016

(J) Statement as to default now due:

1. Date of default: 04/2003.

2. Unpaid principal balance: $102,544.49.

3. Per diem interest accruing: $23.88.

(K) Name of present owners of the real estate:
Kevin M. Strong, Desiree D. Strong

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

-Cole Taylor Bank by reason of mortgage recorded October 30, 1997 as document number 97813483 made by Kevin M. Strong and Desiree D. Strong in the amount of $17,500.00.

-Green Tree Servicing Corporation by reason of mortgage recorded October 10, 1998 as document number 98488694 made by Kevin M. Strong and Desiree D. Strong to Archway Construction Co., Inc. and assigned to Green Tree Financial Servicing Corporation recorded June 10, 1998 as document number 98488695 in the amount of $19,186.00.

(M) The following defendants, except those who have received a discharge of this debt in any chapter under the United States Bankruptcy Code, may be held personally liable for the deficiency, if any:

Kevin M. Strong, Desiree D. Strong

(N) Capacity in which plaintiff brings this foreclosure: Plaintiff is the owner and legal holder of said note, mortgage and indebtedness.

(O) Facts in support of request for attorneys' fees and of costs and expenses.

Plaintiff has been required to retain counsel for litigation of this foreclosure and to incur substantial attorney fees, court costs, title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage, and which are a lien upon said real estate being foreclosed, as provided in said mortgage.

5. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (1977), Defendant(s) may dispute the validity of the debt or any portion thereof. If Defendant(s) do so in writing within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will obtain and provide Defendant(s) with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if requested within thirty days (30) days of receipt of this pleading, Counsel for Plaintiff will send Defendant(s) the name and address of the original creditor if different from above.

## REQUEST FOR RELIEF

Plaintiff, Chase Manhattan Mortgage Corporation, requests:

(i) A judgment to foreclose such mortgage providing for a sale by public auction

(ii) An order granting a shortened redemption period, if authorized by law.

(iii) A personal judgment for a deficiency, if authorized by law.

(iv)  An order granting possession.

(v)  An order placing the mortgagee in possession or appointing a receiver if and when sought.

(vi)  A judgment for attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

(vii)  Enforcement of its assignment of rents derived from said real estate.

(viii)  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

Plaintiff

Chase Manhattan Mortgage Corporation

By: _____
One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
**FISHER AND FISHER**
**ATTORNEYS AT LAW, P.C. #3309**
**120 North LaSalle Street, Suite 2520**
**Chicago, IL  60602**
**(773) 854-8055**
**ARDC# 816108**

**Multistate**

# NOTE

| FHA Case No |
|---|
| 1318711389 |

May 23rd, 1997
[Date]

Loan ID: 9708991

139 LINDEN AVENUE
BELLWOOD, ILLINOIS   60104
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns  "Lender" means
DOLPHIN MORTGAGE CORPORATION

and its successors and assigns

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
One Hundred Eight Thousand Six Hundred Forty and no/100---------

Dollars (U S. $    108,640 00        ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of          Eight and one half
percent (      8 500        %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date
as this Note and called the "Security Instrument " The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
July 1st        ,    1997        Any principal and interest remaining on the first day of     June
2027    , will be due on that date, which is called the "Maturity Date "

### (B) Place

Payment shall be made at   2301 WEST 22ND STREET, STE 105, OAK BROOK, ILLINOIS 60521
or at such place as Lender may designate in writing
by notice to Borrower

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $         835.35    This amount
will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and
other items in the order described in the Security Instrument

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of
the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of
this Note [Check applicable box]

☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first
day of any month  Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for
the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a
partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in
writing to those changes

FHA Multistate Fixed Rate Note - 10/95

VMP -1R (9601)
VMP MORTGAGE FORMS  (800)521-7291
Page 1 of 2                                        Initials  Km.S .
DDS

EXHIBIT A



## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four percent ( 4.000 %) of the overdue amount of each payment

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults This Note does not authorize acceleration when not permitted by HUD regulations As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor "Presentment" means the right to require Lender to demand payment of amounts due "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note

_____ (Seal)
KEVIN M STRONG                   -Borrower

_____ (Seal)
DESIREE D. STRONG                -Borrower

**Without Recourse, Pay to the order**
**of CrossLand Mortgage Corp:**
DOLPHIN MORTGAGE CORPORATION

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

**By: Stacy P Murphy**
**It's: Assistant Secretary**

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

**FOR VALUE RECEIVED, Pay to the order of**

_____ (Seal)
                                 -Borrower

**CHASE MANHATTAN MORTGAGE CORPORATION**

_____ (Seal)
                                 -Borrower

LMP -1R (96011)

**Without Recourse**
**CrossLand Mortgage Corp.**
By
Title: Barbara Dahmen, Assistant Secretary

CROSSLAND MORTGAGE CORP
CORPORATE
Seal
State of Utah

CrossLand Mortgage Corp
Prepared by: Kevin Barzano
600 Hunter Drive, Suite 308
OakBrook, Illinois  60521

AND WHEN RECORDED RETURN TO:
CrossLand Mortgage Corp
6325 Odana Road
Madison, WI 53719

97386587

- DEPT-01 RECORDING          $35.00
- T$0014  TRAN 2551 06/02/97 14:05:00
- $7427 ∤ JW *-97-386587
  COOK COUNTY RECORDER

State of Illinois

97000644 ,A2

MORTGAGE

FHA Case No.
1318711389

Loan ID: 9708991

**ADVANTAGE TITLE COMPANY**

THIS MORTGAGE ("Security Instrument") is given on          May 23rd, 1997
The Mortgagor is
KEVIN M. STRONG and DESIREE D. STRONG, HUSBAND AND WIFE

**ADVANTAGE TITLE COMPANY**
**One TransAm Plaza Drive, Suite 500**
**Oakbrook Terrace, IL 60181**

("Borrower"). This Security Instrument is given to
       DOLPHIN MORTGAGE CORPORATION

which is organized and existing under the laws of   THE STATE OF ILLINOIS          , and
whose address is   2301 WEST 22ND STREET, STE 105, OAK BROOK, ILLINOIS 60521
                    ("Lender"). Borrower owes Lender the principal sum of
One Hundred Eight Thousand Six Hundred Forty and no/100--------
                              Dollars (U.S. $   108,640.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on   June 1st,
   2027     . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums,
with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance

## RECORDING BOX 156

FHA Illinois Mortgage - 4/96

-4R(IL) (9608)
VMP MORTGAGE FORMS - (800)521-7291     Initials: D.D.S.
Page 1 of 8                                      K.M.S.





- 1 of 8 -

of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in COOK County, Illinois:

LOT 88 IN BRAESE'S 1ST ADDITION TO BELLWOOD, BEING A SUBDIVISION OF LOTS 3, 4 AND 5 (EXCEPT THAT PART THEREOF CONVEYED TO CHICAGO AND NORTHWESTERN RAILROAD) IN THE SUBDIVISION OF THE ESTATE OF GEORGE GLOS, BEING A SUBDIVISION OF PART OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 39 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Item #: 15-09-107-016
Parcel ID #:

which has the address of          139 LINDEN AVENUE, BELLWOOD          [Street, City],
                                                                      [Street, City],
Illinois          60104          [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

D.D.S.

4B(IL) (9608)          Page 2 of 8          Initials: K m 5

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or

D.O.S.
Initials: K m S.

abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. Charges to Borrower and Protection of Lender's Rights in the Property. Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. Fees. Lender may collect fees and charges authorized by the Secretary.

9. Grounds for Acceleration of Debt.
(a) Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.
(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

D.O.S.
Initials: KmS

4R(IL) (9609)

DocumentRetrieval : FASTSearch

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

D.D.S.

Initials: KmS.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

D.D.S
Initials: K m S.

-4R(IL) (9408)                        Page 6 of 8

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. Waiver of Homestead. Borrower waives all right of homestead exemption in the Property.

21. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider ☐ Growing Equity Rider ☐ Other [specify]
☐ Planned Unit Development Rider ☐ Graduated Payment Rider

D.D.S.

Initials: K m s.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                                    KEVIN M. STRONG              -Borrower

_____    _____ (Seal)
                                    DESIREE D. STRONG            -Borrower

_____ (Seal)    _____ (Seal)
                      -Borrower                                  -Borrower

_____ (Seal)    _____ (Seal)
                      -Borrower                                  -Borrower

_____ (Seal)    _____ (Seal)
                      -Borrower                                  -Borrower

STATE OF ILLINOIS,                 DuPAGE                    County ss:
I, the undersigned                 , a Notary Public in and for said county and state do hereby certify that
KEVIN M. STRONG and DESIREE D. STRONG

, personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that      THEY signed and delivered the said instrument as      THEIR      free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal, this      23rd      day of      May      ,      1997

My Commission Expires:

"OFFICIAL SEAL"
ROBIN A. GOLOSH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/24/97

_____
Notary Public

VMP-4R(IL) (9608)                    Page 8 of 8

PREPARED BY:

DOLPHIN MORTGAGE CORPORATION
Prepared by: Kevin Barzano
600 Hunter Drive, Suite 308
OakBrook, Illinois  60521

**97386588**

AND WHEN RECORDED RETURN TO:
Crossland Mortgage Corp
6325 Odana Road
Madison, WI 53719

Loan # 9708991

· DEPT-01 RECORDING         $23.00
· T#0014  TRAN 2551 06/02/97 14:05:00
· #7428 ‡ JW *-97-386588
   COOK COUNTY RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Corporation Assignment of Real Estate Mortgage

97 000644

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to CROSSLAND MORTGAGE CORP, ,

all the rights, title and interest of undersigned in and to that certain Real Estate Mortgage

dated May 23rd, 1997        executed by  KEVIN M. STRONG and DESIREE D. STRONG
HUSBAND AND WIFE

to DOLPHIN MORTGAGE CORPORATION

a corporation organized under the laws of   THE STATE OF ILLINOIS      and whose principal place of

business is

2301 WEST 22ND STREET, STE 105, OAK BROOK, ILLINOIS 60521

and recorded in Liber At doc  Page(s)              COOK            County Records.

State of          ILLINOIS              described hereinafter as follows:

LOT 88 IN BRAESE'S 1ST ADDITION TO BELLWOOD, BEING A SUBDIVISION OF LOTS 3,
4 AND 5 (EXCEPT THAT PART THEREOF CONVEYED TO CHICAGO AND NORTHWESTERN
RAILROAD) IN THE SUBDIVISION OF THE ESTATE OF GEORGE GLOS, BEING A
SUBDIVISION OF PART OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 39 NORTH,
RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.  **97386587**

## ADVANTAGE TITLE COMPANY

ITEM # 15-09-107-016           **RECORDING BOX 156**
WARD #
ALSO KNOWN AS:  139 LINDEN AVENUE, BELLWOOD, ILLINOIS  60104

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Real Estate Mortgage.

AAZ010  3/95 DYNATEK            ③



**EXHIBIT C**

Loan #: 9708991

State of Illinois
County of DuPage

On MAY 23, 1997 before me, the undersigned, a Notary Public in and for said County and State, personally appeared Giancarlo J. Johnson, known to me to be the **President** of the corporation herein which executed the within instrument, that the seal affixed to said instrument is the corporate seal of said corporation, that said instrument was signed and sealed on behalf of said corporation pursuant to its by laws or a resolution of its Board of Directors and that he acknowledges said instrument to be the free act and deed of said corporation.

Notary Public X _Gayle L. Tracy_
(Signature)

Residing in the County of: _Kane_

My Commission Expires: _5/25/99_

Dolphin Mortgage Corporation:

X
By: Giancarlo J. Johnson
Its: President

```
OFFICIAL SEAL
GAYLE L TRACY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/25/99
```

(This Area for Official Notarial Seal)



08053862

3436/0020 06 001 Page 1 of   2
1998-11-23 08:35:29
Cook County Recorder      23.50

when recorded return to:
Nationwide Title Clearing
420 N. Brand Blvd. 4th Fl
Glendale, CA 91203
CMC#: 9708991
CMMC: 1923052920
INV/Pool: GNMA 440649

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which
is hereby acknowledged, the undersigned,
CROSSLAND MORTGAGE CORP., a Utah Corporation, whose address
is 3902 South State St., Salt Lake City, UT 84107 (assignor)
by these presents does convey, grant, sell, assign, transfer and set
over the described mortgage/deed of trust together with the certain
note(s) described therein together with all interest secured thereby,
all liens, and any rights due or to become due thereon to
CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey Corporation,
whose address is 343 Thornall Street, Edison, New Jersey, 08837,
its successors or assigns (assignee).
Said mortgage bearing the date 05/23/97, made by
KEVIN E. STRONG AND DESIREE D. STRONG
to DOLPHIN MORTGAGE CORPORATION
and recorded in the Recorder or Registrar of Titles of
COOK  County, Illinois in Book          Page
As Instr# 97386587
upon the property situated in said State and County as more fully
described in said mortgage or herein to wit:
     SEE EXHIBIT 'A' ATTACHED

commonly known as:139 LINDEN AVENUE
09/04/98         BELLWOOD, IL 60104            15-09-107-016
CROSSLAND MORTGAGE CORP.

By: _____
     KEVIN HOLT                    VICE PRESIDENT

STATE OF CALIFORNIA         COUNTY OF LOS ANGELES
The foregoing instrument was acknowledged before me
this   4th day of September, 1998          , by KEVIN HOLT
of CROSSLAND MORTGAGE CORP.
on behalf of said CORPORATION.

_____
LAURIE KEZSBOM              Notary Public
My commission expires:02/26/1999
Prepared by:
M.BAY/NTC,420 N. Brand Bl 4th Fl  Glendale, CA 91203 (800)346-9152
CR552  JC 1065J

LAURIE KEZSBOM
COMM. #1052390
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES
My Comm. Expires Feb 26, 1999

2

(4)

EXHIBIT C



EXHIBIT 'A'                          9708991

LOT 88 IN BRAESE'S 1ST ADDITION TO BELLWOOD, BEING A
SUBDIVISION OF LOTS 3, 4 AND 5 (EXCEPT THAT PART THEREOF
CONVEYED TO CHICAGO AND NORTHWESTERN RAILROAD) IN THE
SUBDIVISION OF THE ESTATE OF GEORGE GLOS. BEING A
SUBDIVISION OF PART OF THE NORTHWEST 1/4 OF SECTION 9,
TOWNSHIP 39 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL
MERIDIAN, IN COOK COUNTY, ILLINOIS.

57005

**JS 44**
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Chase MAnhattan Mortgage Corporation

### DEFENDANTS

Kevin M. Strong, ET AL

03 SEP -3 AM II: 06

FILED-EDS

RECEIVED COOK 2003

03C 6154

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___FRANKLIN___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Fisher & Fisher, Attorneys At Law, PC
120 North LaSalle, Ste. 2520
Chicago, IL  60602
312-372-4784

ATTORNEYS (IF KNOWN)

JUDGE LINDBERG   MAGISTRATE JUDGE NOLAN

MAGISTRATE JUDGE NOLAN

## II. BASIS OF JURISDICTION   (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

MORTGAGE FORECLOSURE - 28 U.S. 1332

## V. NATURE OF SUIT   (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN   (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
23.88

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☐ NO

## VIII. REMARKS   In response to ☐   Is not a refiling of a previously dismissed action
General Rule   2.21D(2) this case ☐   is a refiling of case number _____ of Judge _____

DATE   SEP 0 3 2003

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

57005

U.S. DISTRICT COURT
CLERK
03 SEP -3 AM II: 06
FILED-EDS

In the Matter of

Chase Manhattan Mortgage Corporation
—vs—
Kevin M. Strong, ET AL

Case Number:

03C 6154

JUDGE LINDBERG

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Chase Manhattan Mortgage Corporation

MAGISTRATE JUDGE NOLAN

| (A) | | (B) | |
|-----|-----|-----|-----|
| SIGNATURE | | SIGNATURE | |
| NAME KENNETH H. FISHER | | NAME CYNTHIA A. SUTHERIN | |
| FIRM FISHER AND FISHER | | FIRM FISHER AND FISHER | |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | SEP 3 2003 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | | CITY/STATE/ZIP CHICAGO, IL 60602 | |
| TELEPHONE NUMBER 312-372-4784 | FAX NUMBER | TELEPHONE NUMBER 312-372-4784 | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 0817759 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6256989 | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | | MEMBER OF TRIAL BAR? YES ☐ NO ☒ | |
| TRIAL ATTORNEY? YES ☒ NO ☐ | | TRIAL ATTORNEY? YES ☒ NO ☐ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |
| (C) | | (D) | |
| SIGNATURE | | SIGNATURE | |
| NAME MARC D. ENGEL | | NAME | |
| FIRM FISHER AND FISHER | | FIRM | |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | | STREET ADDRESS | |
| CITY/STATE/ZIP CHICAGO, IL 60602 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER 312-372-4784 | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6255891 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☒ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

57005

In the Matter of

Chase Manhattan Mortgage Corporation
—vs—
Kevin M. Strong, ET AL

Case Number **03C 6154**

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR JUDGE LINDBERG

Chase Manhattan Mortgage Corporation

MAGISTRATE JUDGE NOLAN

|  (A) |  (B)    SEP 3 2003 |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME<br>ELIZABETH KAPLAN MEYERS | NAME<br>RENEE MELTZER KALMAN |
| FIRM<br>FISHER AND FISHER | FIRM<br>FISHER AND FISHER |
| STREET ADDRESS<br>120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS<br>120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP<br>CHICAGO, IL 60602 | CITY/STATE/ZIP<br>CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 | TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>6196562 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>6198331 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |

|  (C) |  (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME<br>MICHAEL S. FISHER | NAME<br>James R. Riegel |
| FIRM<br>FISHER AND FISHER | FIRM<br>FISHER AND FISHER |
| STREET ADDRESS<br>120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS<br>120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP<br>CHICAGO, IL 60602 | CITY/STATE/ZIP<br>CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 | TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>6216064 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>6239016 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |

1—4